IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-383 T
(Honorable Francis M. Allegra)

HARRY G. SCHORTMANN, Jr. and
JACQUELINE SCHORTMANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

REPLY OF THE UNITED STATES
IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT AND
REQUEST FOR ORAL ARGUMENT

The United States moved for summary judgment on the sole remaining issue in this case, *i.e.*, whether plaintiffs are entitled to receive additional interest on the refund of an overpayment of tax with respect to 1997. Plaintiffs received more interest than that to which they were entitled under the claim of right provisions of § 1341, and plaintiffs have failed to establish the existence of an agreement with the IRS to pay additional interest on their claim, other than that due according to law.

In their response, plaintiffs contend that a genuine issue of fact exists regarding the terms of an alleged agreement between plaintiffs and the IRS on how interest was to be computed on plaintiffs' 1997 refund claim. (Pl. Br. at 4.) Plaintiffs, however, have failed to establish, by

affidavit or otherwise, specific facts sufficient to support the existence of an agreement with the IRS to pay interest on their claim in an amount greater than as provided by law, or that such an agreement would be binding on the United States. In addition, the interpretation and legal effect of the agreement embodied in the Form 870-AD are questions of law, and plaintiffs' contention that the agreement was for overpayments in tax years 1986 through 1996 (in accordance with the mitigation provisions) (Pl. Br. at 6-7), rather than for 1997, is contrary to the plain and unambiguous terms of that agreement.

Plaintiffs have failed to proffer evidence tending to establish a material element of their claim, *i.e.*, the existence of a binding agreement with the IRS to pay additional interest on their claim. Inasmuch as plaintiffs have already received more interest than they were entitled to receive by law (a conclusion plaintiffs do not dispute), summary judgment in favor of the Government is appropriate.[1]

I. Plaintiffs have not established facts sufficient to support the existence of a binding agreement with the IRS to pay interest on their 1997 refund claim in an amount greater than as provided by law

Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In *Celotex*, the Supreme Court

[1] Under Rule 56(h)(3), the Court should deem the facts set forth in the Government's proposed findings of fact to be established, because plaintiffs have not controverted those facts in the affidavit attached to their response or by other admissible evidence. Plaintiffs' failure to file a response to the Government's proposed findings, as required by Rule 56(h)(2), is more than a mere procedural deficiency here, where plaintiffs appear to oppose the Government's motion on the basis that one or more of its proposed findings is inaccurate (although, as shown below, they have failed to offer proper evidence disputing any finding).

made clear that on issues in which the nonmovant bears the burden of proof, the movant need not "produce evidence" showing the absence of a genuine issue of material fact to properly support a motion for summary judgment. *Id.* at 325. Rather, a party moving for summary judgment may prevail by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.* In reaching its holding, the Court noted that trial courts possessed the power to enter summary judgments *sua sponte*, so long as the losing party was on notice that it had to "come forward with all of [its] evidence." *Id.* at 326; *see also Exigent Tech. Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006) ("The *Celotex* Court . . . made clear that all that is required is 'notice [to the party with the burden of proof] that she had to come forward with all of her evidence.'").

Here, the Government's motion for summary judgment put plaintiffs (now represented by counsel) on notice that they were required to "come forward with all of [their] evidence" to support their claim that the IRS agreed to pay them additional interest, in an amount greater than as provided by law.[2] In their response, plaintiffs rely on an affidavit, signed by plaintiff, Harry Schortmann, in which he states that "[t]he IRS and I . . . agreed that I was entitled to receive interest on the $36,165.00 of income taxes being refunded to me." First, the Government does not disagree with Mr. Schortmann's statement: under the agreement embodied in Form 870-AD, the validity of which the Government does not dispute, plaintiffs were entitled to interest on their refund *as provided by law*, and Mr. Schortmann's statement does nothing to support the

---

[2] Plaintiffs' response reveals confusion as to the respective responsibilities of the parties. (Pl. Br. at 4) ("In moving for summary judgment . . . [d]efendant has not met its burden of showing an absence of evidence to support the Schortmanns' case."). The law instead requires plaintiffs to come forward with their evidence – of which there is none.

existence of any other agreement, let alone an agreement for a greater amount of interest to be paid on plaintiffs' refund claim.[3] Second, Mr. Schortmann's conclusory statement that the IRS agreed that he was entitled to interest is nevertheless insufficient to overcome a motion for summary judgment. Mr. Schortmann's allegation is a conclusion or an opinion; it is not a fact relevant to this case. *See, e.g., Processed Plastics Co. v. United States*, 473 F.3d 1164, 1170 (Fed. Cir. 2006) ("It is well settled that a conclusory statement on the ultimate issue does not create a genuine issue of fact."). Plaintiffs were required to come forward with admissible evidence of specific facts to support their claim that the IRS agreed to pay them more interest than they received. *Crater Corp. v. Lucent Tech., Inc.*, 255 F.3d 1361, 1366 (Fed. Cir. 2001) ("Once a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Government is entitled to summary judgment.

II. The agreement embodied in the Form 870-AD was for an overpayment of tax in 1997, and plaintiffs' contention that the agreement was for overpayments in years 1986 through 1996 is contrary to the plain and unambiguous terms of that agreement

Contract interpretation is a question of law, *Castle v. United States*, 301 F.3d 1328, 1337 (Fed. Cir. 2002); therefore, issues involving the interpretation of a contract may be resolved by summary judgment. Contract interpretation begins with the text of the written agreement. *Coast*

---

[3] We note that Mr. Schortmann's statement would also be insufficient to support a claim for account stated with respect to interest, had plaintiffs made such a claim, because the affidavit is clear that, at the time of the agreement referred to in the statement, the IRS had not computed the interest on plaintiffs' claim. *See West Publ'g Co. Employees' Preferred Stock Ass'n v. United States*, 198 Ct. Cl. 668 (1972) ("[B]efore the concept of an account stated can be used, it [must] be shown beyond peradventure that the Government has in fact agreed with, and communicated to, the taxpayer its intention to pay *a stated sum*.") (emphasis added).

*Fed. Bank, FSB v. United States*, 323 F.3d 1035, 1038 (Fed. Cir. 2003) (en banc). If the terms of the agreement are clear and unambiguous, they must be given their plain and ordinary meaning, and the court may not consider extrinsic evidence to interpret them. *Teg-Paradigm Envtl., Inc. v. United States*, 465 F.3d 1329, 1338 (Fed. Cir. 2006); *Barron Bancshares, Inc. v. United States*, 366 F.3d 1360, 1379 (Fed. Cir. 2004); *McAbee Constr., Inc. v. United States*, 97 F.3d 1431, 1435 (Fed. Cir. 1996); *see also Beta Sys., Inc. v. United States*, 838 F.2d 1179, 1183 (Fed. Cir. 1988) ("[E]xtrinsic evidence will not be received to change the terms of a contract that is clear on its face."); *North Star Alaska Housing Corp. v. United States*, 76 Fed. Cl. 158, 193 (2007) ("When the contract language is unambiguous, the court's inquiry is at an end.").

Valid agreements between the IRS and taxpayers are interpreted under general principles of contract law. *See, e.g.*, *Last v. United States*, 37 Fed. Cl. 1, 6-7 (1996). Here, the only binding agreement between the parties with respect to an overpayment is embodied in the Form 870-AD.[4] *See Kretchmar v. United States*, 9 Cl. Ct. 191, 196-97 (1985) (giving binding effect to a properly executed Form 870-AD on the theory of equitable estoppel). Under the explicit terms of the agreement, plaintiffs accepted an overassessment of tax for *1997*, in the amount of $36,165. *See Form 870-AD*, Def's Mem., Ex. 5, App. B at B-27. Consistent with application of the claim of right provisions of § 1341, the agreement resulted in an overpayment of $36,165 for 1997, with interest to be computed thereon as provided by law. *See* I.R.C. § 6611. Plaintiffs' contention that the agreement was for overpayments in tax years 1986 through 1996 (in accordance with the mitigation provisions) is contrary to its express terms and is based on inadmissible extrinsic

[4] If plaintiffs are relying on some other agreement with the IRS to support their contention that the IRS agreed to overpayments for tax years 1986 through 1996, they have not provided it in these proceedings.

evidence contained in the IRS Appeals Office transmittal letter *(see Appeals Transmittal and Case Memorandum*, Def's Mem., Ex. 4, App. B).

Even if such extrinsic evidence were considered by the Court, it does not support plaintiffs' contention that the agreement was for overpayments in tax years 1986 through 1996. Consistent with the § 1341 claim plaintiffs made on their 1997 tax return, the transmittal letter specifically states that plaintiffs' claim "was settled in accordance with Section 1.1341-1(a)(2) of the Regulations," (*Appeals Transmittal and Case Memorandum*, Def's Mem., Ex. 4, App. B at B-22), a specific reference to the claim of right provisions. The legal effect of application of those provisions to the facts of this case is an overpayment for 1997. (*See* Def's Mem. at 5-6; *see also Appeals Transmittal and Case Memorandum*, Def's Mem., Ex. 4, App. B at B-26 (concluding that § 1341 allowed plaintiffs to "reduce [their] tax in the restoration year").) The other forms executed by plaintiffs concurrently with the Form 870-AD also relate to 1997, reflecting a partial allowance of plaintiffs' claim in the amount of $36,165. (Def's Mem., Ex. 5, App. B at B-29 through B-30.) Furthermore, the IRS's unilateral determination to apply the mitigation provisions of § 1311 when it actually processed plaintiffs' refund was legally

erroneous,[5] and should not be construed by the Court to alter the express terms of the parties' written agreement embodied in the plain terms of the Form 870-AD.

---

[5] The mitigation provisions of § 1311 are not applicable to the facts of this case. For those provisions to apply, one of the specific circumstances outlined in § 1312 must be present. Only paragraphs (1), (4), and (5) - (7) of § 1312 operate in favor of the taxpayer. The others allow the Government to make additional assessments. Paragraphs (5) - (7), which apply respectively to trusts and estates, related corporations, and transactions affecting the tax basis of property are clearly inapplicable here. Similarly, paragraphs (1) (double inclusion of an item of gross income) and (4) (double disallowance of a deduction or credit) do not apply to plaintiffs, who properly *included* retirement benefits in their income for tax years 1978 through 1997, and then were *allowed a credit* in 1997, in an amount equal to the taxes previously paid on that income, pursuant to their § 1341 refund claim. *See United States v. Skelly Oil Co.*, 394 U.S. 678, 680-82 (1969). There was neither a double inclusion of income nor a double disallowance of a deduction or credit.

WHEREFORE, the Court should grant the United States' motion.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
W. C. RAPP
Senior Trial Attorney

August 21, 2007

s/W.C. Rapp
Of Counsel