IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

No. 06-383 T
(Honorable Francis M. Allegra)

HARRY G. SCHORTMANN, Jr. and
JACQUELINE SCHORTMANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

SUPPLEMENTAL BRIEF OF THE
UNITED STATES IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

---

The United States submits this supplemental brief, pursuant to the Court's Order of November 2, 2007, to address the impact of the "no-interest rule"–most recently repeated by the Supreme Court in *Library of Congress v. Shaw*, 478 U.S. 310 (1986)–on the instant case.

As discussed at oral argument, the no-interest rule prohibits an award of interest against the United States in the absence of express statutory or contractual consent. This prohibition becomes significant in this case only if the provisions of the Internal Revenue Code that authorize interest to be paid on overpayments of tax do not apply to the overpayment generated by the settlement agreement at issue. Such an analysis was not raised by plaintiff, was not briefed by the parties, and was raised for the first time by the Court at oral argument. Plaintiffs'

claim for additional interest fails because the settlement agreement did not provide for interest, and the Court is not authorized to import a "reasonable" interest provision into the agreement, as it might against a private party.

ARGUMENT

The United States, as sovereign, is immune from interest awards in the absence of an express waiver of sovereign immunity by statute or contract, or a constitutional provision that requires the payment of interest. *Library of Congress v. Shaw*, 478 U.S. 310, 317 (1986); *see also Richlin Sec. Serv. Co. v. Chertoff*, 437 F.3d 1296, 1299 (Fed. Cir. 2006). Without the necessary waiver or constitutional requirement, courts lack jurisdiction to award interest against the United States. *United States v. Mescalero Apache Tribe*, 518 F.2d 1309, 1315-16 (Ct. Cl. 1975) (citing Supreme Court cases); *see also Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470, 478 (5th Cir. 2002).

The Supreme Court has long recognized that the United States, unlike a private party, is not liable for interest in the absence of a specific provision therefor (*Angarica v. Bayard*, 127 U.S. 251, 260 (1888)):

> It has been established as a general rule, in the practice of the government, that interest is not allowed on claims against it, whether such claims originate in contract or in tort, and whether they arise in the ordinary business of administration or under private acts of relief, passed by congress on special application. . . . The principle above stated is recognized by this court. In *Tillson v. United States*, 100 U.S. 43, 47, this court, speaking of the rule that interest is recoverable between citizens if a payment of money is unreasonably delayed, says that with the government the rule is different, and that the practice has long prevailed in the departments of not allowing interest on claims presented, except it is in some way specially provided for.

Most recently, in *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986), the Supreme Court felt obliged to repeat its prior holdings that interest may not be awarded against the United States in the absence of express statutory or contractual consent. Such consent, the Court cautioned, must be affirmatively expressed in statutory or contractual terms–it cannot be implied (*id.* at 318):

> "[T]here can be no consent by implication or by use of ambiguous language. Nor can an intent on the part of the framers of a statute or contract to permit the recovery of interest suffice where the intent is not translated into affirmative statutory or contractual terms. The consent necessary to waive the traditional immunity must be express, and it must be strictly construed." *United States v. N.Y. Rayon Importing Co.*, 329 U.S., at 659.

The requirement that the United States' consent to pay interest be explicit reflects the historical view that interest is an element of damages separate from damages on the substantive claim, and an obligation to pay interest arises only where separately agreed to (*id.* at 314-15) (citations omitted):

> . . . Because interest was generally presumed not to be within the contemplation of the parties, common-law courts in England allowed interest by way of damages only when founded upon agreement of the parties. In turn, the agreement-basis of interest was adopted by American courts. Gradually, in suits between private parties, the necessity of an agreement faded.
>
> The agreement requirement assumed special force when applied to claims for interest against the United States. As sovereign, the United States, in the absence of its consent, is immune from suit. This basic rule of sovereign immunity, in conjunction with the requirement of an agreement to pay interest, gave rise to the rule that interest cannot be recovered unless the award of interest was affirmatively and separately contemplated by Congress.

"In creating the Court of Federal Claims," the Court went on to explain, "Congress retained the Government's immunity from awards of interest, permitting it only where expressly agreed to under contract or statute." *Id.* at 317; *see also* 28 U.S.C. § 2516(a).

In this case, the United States has already paid to plaintiffs more interest than they were entitled to receive by statute, under 26 U.S.C. § 6611,[1] based on the agreed overassessment of $36,165 for tax year 1997. (*See* Defendant's Proposed Findings of Uncontroverted Fact ¶¶ 10, 11.) Accordingly, to prevail on their claim for additional interest, plaintiffs must show an express contract with the United States to pay them interest, which they cannot do.[2]

As the Court observed at argument, the settlement agreement contained in the Form 870-AD includes no explicit language respecting the payment or computation of interest. The agreement makes no reference to interest being paid on any overpayment arising from the overassessment to which plaintiff agrees. As framed by the Court in its November 1, 2007 order, the language "with interest as provided by law" in the Form 870-AD applies only to "deficiencies and additions to tax," and does not apply to settlements of overassessments of tax. The purpose of the first sentence of the form, in which that language appears, is to waive the restrictions imposed by 26 U.S.C. § 6213 on the assessment and collection by the IRS of deficiencies and additions to tax, together with "interest [thereon] as provided by law." Since no such restrictions exist with respect to overassessments of tax, no reference to interest is made in the second sentence. Interest is nowhere else addressed in the agreement, and the no-interest rule bars plaintiffs from recovering (by implication) some additional amount.

---

[1] The only other statute authorizing the payment of interest by the United States that is at all related to this case is 28 U.S.C. § 2411. That section does not apply here because this case does not involve a "judgment . . . for any overpayment" of tax. But, even if it did apply, § 2411 would not entitle plaintiffs to more interest than they would otherwise be entitled to under 26 U.S.C. § 6611 of the Internal Revenue Code, and plaintiffs have already received too much interest under the latter provision.

[2] No constitutional provision would entitle plaintiffs to the interest they seek, and we do not understand them to have made any such contention.

The Court may not construct a "reasonable" interest provision into the agreement or otherwise fashion an equitable remedy for plaintiffs with respect to interest, as it might do against a private party.[3] Where the claim for interest is against the United States, the Supreme Court has declared that courts lack the power to award interest based solely on what they deem to be proper or equitable (*United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660 (1947)):

> Had Congress desired to permit the recovery of interest in situations where the Court of Claims felt it just or equitable, it could have so provided. The absence of such a provision is conclusive evidence that the court lacks any power of that nature. Indeed, any other conclusion would permit the Court of Claims to supply the consent which only Congress can give to the imposition of interest against the United States.

---

[3] Under Restatement (Second) of Contracts § 204, a court may supply an essential term that is omitted by the parties to a contract. But, as we have noted, the no-interest rule prohibits application of the restatement here to imply an interest provision that was not expressly agreed to. Of course, another solution to the problem of an absent contract term, or conflicting interpretations of a material term, would be to conclude that there exists no contract at all. *See, e.g.*, *National By-Products, Inc. v. United States*, 405 F.2d 1256, 1263 (Ct. Cl. 1969). In the absence of an agreement in the instant case, it appears clear that the underlying overpayment is itself contrary to law, and ought not to have been allowed. The consequence is again that plaintiff recovers nothing in the instant suit.

CONCLUSION

The United States has already paid to plaintiffs more interest than they were entitled to receive under 26 U.S.C. § 6611 based on the agreed overassessment of $36,165 for tax year 1997. The IRS and plaintiffs made no provision for the payment of interest in the express terms of the settlement agreement, and plaintiffs have not otherwise established the existence of an express contract to pay them interest. The United States is entitled to summary judgment.

WHEREFORE, the Court should grant the United States' motion.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
W. C. RAPP
Senior Trial Attorney

November 29, 2007

s/W.C. Rapp
Of Counsel