IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-383T
(Honorable Francis M. Allegra)

HARRY G. SCHORTMANN, Jr. and
JACQUELINE SCHORTMANN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

MEMORANDUM IN SUPPORT OF THE
RESPONSE OF PLAINTIFFS TO THE
SUPPLEMENTAL BRIEF OF THE UNITED STATES
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

---

The sole issue for discussion in this Memorandum is whether the "no interest" rule – as stated by the Supreme Court in *Library of Congress v. Shaw*, 478 U.S. 310 (1986) – has any impact on this case. This argument was raised for the first time in this case by the government in its oral argument at the November 2, 2007 hearing on the government's motion for summary judgment.

The no interest rule prohibits a court from awarding interest against the United States in the absence of express statutory or contractual consent. The government now argues in this case that the no interest rule prohibits this Court from ordering the government to pay the additional interest it owes to the Plaintiffs, Mr. and Mrs. Schortmann, for their overpayment of income tax in years 1986 through 1996. Specifically, the government asserts that the provisions of the

Internal Revenue Code that expressly authorize interest to be paid on overpayments of tax do not apply to the overpayments of tax at issue in this case because the settlement agreement did not expressly provide for interest. The government's argument fails, however, because the Internal Revenue Code expressly directs the government to pay interest on any overpayments of income tax from the date of the overpayment to a date no more than 30 days prior to the date of the refund check. Internal Revenue Code §§ 6611(a) and (b)(2). The government has offered no evidence that Mr. and Mrs. Schortmann agreed to waive their statutory right to interest on the overpayments pursuant to Internal Revenue Code § 6611.

## ARGUMENT

### I. Federal Statute Clearly Directs The Government To Pay Interest To Taxpayers On Any Overpayment Of Tax.

The government's new argument that this Court cannot require the Internal Revenue Service ("IRS") to pay any interest it owes to Mr. and Mrs. Schortmann, in addition to the interest it has already paid them, erroneously relies on case law that holds the United States is immune, as sovereign, from interest awards in the absence of an express waiver of sovereign immunity by statute or contract, or a constitutional provision that requires the payment of interest. In its Supplemental Brief in Support of its Motion for Summary Judgment, the government cites to such venerable cases as *Library of Congress v. Shaw*, 478 U.S. 310, 317 (1986); *Angarica v. Bayard*, 127 U.S. 251 (1888); *Richlin Sec. Serv. Co. v. Chertoff*, 437 F.3d 1296 (Fed. Cir. 2006); *Dickerson ex rel. Dickerson v. United States*, 280 F.3d 470 (5th Cir. 2002); and *United States v. Mescalero Apache Tribe*, 518 F.2d 1309 (Ct. Cl. 1975), as support for its position in this case. All of these cases found in favor of the government, holding that the government cannot be ordered to pay interest unless such interest is specifically authorized by statute, contract or constitutional provision. Significantly, however, none of these cases involve

the Internal Revenue Code or address the issue of whether the IRS must pay interest to a taxpayer who overpaid income tax.

As the government must acknowledge, *Library of Congress*, 478 U.S. at 317, holds that the United States is immune, as sovereign, from interest awards *in the absence of an express waiver of sovereign immunity by statute* or contract, or a constitutional provision that requires the payment of interest. (Emphasis added.) Here, a federal statute, the Internal Revenue Code, explicitly directs the government to pay interest to taxpayers who overpay income taxes. Specifically, Internal Revenue Code § 6611 provides the general statutory rule requiring the government to pay interest to taxpayers on any overpayment of tax. This statute clearly states that "interest *shall* be allowed and paid . . . [i]n the case of a refund, from the date of the overpayment to a date . . . preceding the date of the refund check by no more than 30 days." Internal Revenue Code § 6611(b)(2) (emphasis added).

In the present case, there is no dispute that Mr. and Mrs. Schortmann overpaid their income taxes by a total of $36,165.00 in each of their tax years 1980 through 1996. There is also no dispute that Mr. and Mrs. Schortmann filed a refund claim in 1998 for all of the income taxes they overpaid throughout those years, and there is no dispute that the Schortmanns and the IRS agreed to settle the Schortmanns' refund claim with the IRS refunding to Mr. and Mrs. Schortmann a total overpayment of $36,165.00.[1] The parties also agree that the settlement was finalized in writing on the Form 870-AD in issue in this case. The parties further agree that the Form 870-AD in this case is silent in relation to the payment of interest on Mr. and Mrs. Schortmann's overpayments of income tax. Accordingly, even though the Form 870-AD is

[1] Mr. and Mrs. Schortmann originally claimed a refund of $36,773.00 in income taxes they erroneously paid during their taxable years 1979 through 1996. The IRS disallowed $608. The IRS and the Schortmanns agreed that the total amount of overpayment was $36,165.00, which the IRS processed as being refunds for tax years 1986 through 1996.

silent on the issue, the no interest rule is not applicable, and the IRS is not immune from this Court ordering it to pay additional interest to Mr. and Mrs. Schortmann in this case, since a federal statute - the Internal Revenue Code - directs the government to pay interest on overpayments of tax.

II. Form 870-AD Is Not A Waiver Of The Internal Revenue Service's Obligation To Pay Interest On Overpayments Of Taxes.

Contrary to the government's new position, it is irrelevant that the Form 870-AD in issue in this case is silent in relation to the payment of interest. The government argues that the Form 870-AD itself is a waiver of the Internal Revenue Service's statutory obligation to pay interest to taxpayers who overpay taxes. The Form 870-AD is titled "Offer to Waive Restrictions on Assessment and Collection of Tax Deficiency and to Accept Overassessment." Further, the standard text on the front page of the Form 870-AD states:

> Under the provisions of section 6213(d) of the Internal Revenue Code of 1986 (the Code), or corresponding provisions of prior internal revenue laws, the undersigned offers to waive the restrictions provided in section 6213(a) of the Code or corresponding provisions of prior internal revenue laws, and to consent to the assessment and collection of the following deficiencies and additions to tax, if any, with interest as provided by law. The undersigned offers also to accept the following overassessments, if any, as correct. Any waiver or acceptance of an overassessment is subject to any terms and conditions stated below and on the reverse side of this form.

Nowhere in the title, the front page text or on the list of conditions on the reverse side of the form does the Form 870-AD suggest that the form serves as a waiver of the government's statutory obligation to pay interest on overpayments of income taxes.

*Library of Congress* and all of the other cases cited by the government in its supplemental brief are clear that the United States is only immune from interest awards *in the absence of* an express waiver of sovereign immunity by *statute or* contract, or a constitutional provision that requires the payment of interest. (Emphasis added.) No law or other precedent

supports the notion that when a statute, such as the Internal Revenue Code, specifically directs that the government shall pay interest to a taxpayer that the parties must also expressly document in a written contract that interest is to be paid in order for the statute to be enforceable against the government. On the contrary, a written contract for the government to pay interest would only be necessary in the absence of such a statute or similar directive under law requiring interest. Since a statute exists which directs the government to pay interest to taxpayers on overpayments of taxes, there is no need to require the government and a taxpayer to expressly include terms regarding interest computations on Form 870-AD in order for such overpayment interest to be enforceable. The only reason to include written terms regarding interest is when the parties agree to deviate from the statute, which is not the case here. If the rule were otherwise, taxpayers who settle claims for refund with the IRS would be required to separately negotiate the interest that Congress has expressly directed the IRS to pay, effectively nullifying Internal Revenue Code § 6611 in the case of a negotiated settlement unless expressly adopted by the parties. The government's assertion that it is not required to pay interest to Mr. and Mrs. Schortmann because the Form 870-AD does not expressly provide for interest is belied by statute and logic.

III. The Evidence Does Not Support An Inference That The Parties Agreed For Interest To Be Computed Under Any Method Other That Provided By Internal Revenue Code Section 6611(b)(2).

Finally, the government argues that, at most, Internal Revenue Code § 1341 controls the government's requirement to pay interest in this case. The government proposes that Mr. and Mrs. Schortmann and the IRS agreed to settle the Schortmanns' refund claim pursuant to the claim of right provision of Internal Revenue Code § 1341, which imposes a limit on the computation of interest that differs from the general provision of Internal Revenue Code § 6611.

This is in dispute, as Mr. and Mrs. Schortmann assert that they did not so agree and would not have settled their claim if the terms of settlement required them to forego ordinary statutory interest on their overpayments under Internal Revenue Code § 6611. In fact, there is substantial evidence in the record that the IRS considered and processed their refund claim, at least in part, in a manner consistent with the mitigation provision of Internal Revenue Code §§ 1311, which does not authorize the IRS to deviate from the interest computation method of Internal Revenue Code § 6611.

The government argues, however, that all of the final terms of the settlement agreement are evidenced by the Form 870-AD and that this Court is precluded from considering any other materials or evidence for guidance on the terms of the settlement agreement. As this Court observed at the November 2, 2007 hearing, the Form 870-AD makes no mention whatsoever that the parties agreed that the total overpayment amount was determined pursuant to the claim of right doctrine under Internal Revenue Code § 1341.

If the government is correct that this Court is precluded from considering any materials other than the Form 870-AD, then, the Court should not find that the IRS and Mr. and Mrs. Schortmann agreed to settle the Schortmanns' refund claim on grounds that would limit or preclude the Schortmanns from receiving interest on their overpayments by any method other that that required by Internal Revenue Code § 6611(b). Internal Revenue Code § 1341 provides for a specific deviation from the standard interest computation method of Internal Revenue Code § 6611 only when a refund is paid pursuant to the claim of right provision. However, there is no indication anywhere on the Form 870-AD in issue here that the parties agreed for Internal Revenue Code § 1341 to apply to the Schortmanns' refund claim. If the parties agreed to deviate from the traditional standard interest computation method provided in Internal Revenue Code §

6611(b), then they were required to expressly include that on the Form 870-AD in order to override Internal Revenue Code § 6611(b)(2). As the government points out, this Court cannot assume any settlement terms not included on the face of the Form 870-AD. Since the Form 870-AD in this case is silent as to the basis of the settlement of the Schortmanns' claim for refund, this Court should not assume that the parties agreed to settle the claim pursuant to Internal Revenue Code § 1341.

CONCLUSION

Mr. and Mrs. Schortmann are entitled to overpayment interest calculated as of the date of each overpayment was made as provided in Internal Revenue Code § 6611(b)(2). The Internal Revenue Code requires the IRS to pay interest on overpayments of income taxes and provides the method for interest computation that the IRS must follow. Nowhere does the law require taxpayers to separately negotiate interest on overpayments of tax in order for the statutory interest requirement to be enforceable. It is, therefore, irrelevant that the settlement agreement embodied in this case by Form 870-AD does not expressly provide that the IRS pay interest on the Schortmanns' overpayments of tax. Furthermore, since the Form 870-AD is silent in respect to the payment of interest, this Court should not infer that the parties agreed to an interest term other than that required by Internal Revenue Code § 6611(b)(2).

WHEREFORE, Mr. and Mrs. Schortmann pray that the Court deny the Defendant's motion for summary judgment and grant such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

s/Mary Elizabeth Rinaldi

MARY ELIZABETH RINALDI
MIRIAM L. FISHER
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

202.739.5177
202.739.3001 (Facsimile)

Attorneys for Petitioners